IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRIS BINGHAM,<br><br>Plaintiff,<br><br>vs.<br><br>BRITTANY MARKER, RN; LARRY SOHLER, RN; and UNKNOWN JOHN/JANE DOES ON DISCOVERY,<br><br>Defendants. | 8:21CV288<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a patient at the Norfolk Regional Center ("NRC"), has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF COMPLAINT

Plaintiff complains he was involuntarily administered a psychotropic drug and confined in the security safety center on July 2, 2021.

II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Liberally construing Plaintiff's Complaint, this is a civil rights action filed under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

NRC is a state instrumentality operated by the Nebraska Department of Health and Human Services. *See* Neb. Rev. Stat. §§ 71-911, 83-101.06. Although the title to the Complaint's caption lists NRC as a Defendant, it is not listed as a Defendant in the body of the Complaint. (See Filing 1, pp. 2-3.) The caption is "not controlling in determining the parties." *Greenwood v. Ross*, 778 F.2d 448, 452 (8th Cir. 1985); *see Amaker v. Goord*, No. 09-CV-396, 2019 WL 1033511, at *8 n. 13 (W.D.N.Y. Mar. 5, 2019) (collecting cases). Considering the Complaint as a whole, the court does not understand Plaintiff to be asserting a claim against NRC.

In any event, NRC is immune from suit here. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.,* 64 F.3d 442, 446-447 (8th Cir. 1995).

Defendants Brittany Marker, RN, and Larry Sohler, RN, presumably are staff nurses at NRC. It is alleged they acted under color of state law to punish Plaintiff by

administering medication for non-medical reasons and placing him in seclusion. They are sued only in their individual capacities.

Individual-capacity claims are also made against unknown Defendants, but the Complaint contains no allegations of wrongdoing on their part. "A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant." *Banks v. New York Police Dep't*, No. 4:15CV3012, 2015 WL 1470475, at *2 (D. Neb. Mar. 31, 2015); *see Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"). Additionally, the complaint contains no specific factual allegations to permit the unknown individuals to be identified following reasonable discovery. This action therefore cannot proceed against them. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible). Defendants Unknown John/Jane Does therefore will be dismissed from the action.

"Neither pretrial detainees nor civilly committed individuals may be punished without running afoul of the Fourteenth Amendment." *Karsjens v. Lourey*, 988 F.3d 1047, 1052 (8th Cir. 2021). "Regarding pretrial detainees, this prohibition against punishment encompasses conditions of confinement." *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979)) "In analyzing whether a condition of confinement is punitive, courts "decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Bell*, 441 U.S. at 538. Unless the detainee can show "an expressed intent to punish ..., that determination generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation'" to such alternative purpose." *Id.*

Keeping in mind the liberal construction due pro se complaints and the lesser pleading standard to which pro se litigants are held, the court concludes that Plaintiff has alleged plausible 42 U.S.C. § 1983 conditions-of-confinement claims against Defendants Marker and Sohler, in their individual capacities. *See Washington v.*

*Harper*, 494 U.S. 210, 229 (1990) ("The forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty."); *Thomas v. Eschen*, 928 F.3d 709, 713 (8th Cir. 2019) ("If officials forced [a civilly committed mental patient] to take drugs having no connection to his mental illness or intentionally injured him while treating him, for example, then [the patient] could have a viable damages claim under section 1983."); *Webb v. State of Nebraska*, No. 4:21CV3058, 2021 WL 2002925, at *4 (D. Neb. May 19, 2021) (plausible claim for relief stated against regional center staff who ordered criminally committed mental patient's seizure, restraint, and forced medication, who filled syringe with psychotropic drugs, who directed that patient be medicated, and who gave injection); *Abram v. Chatham*, No. 8:20CV469, 2021 WL 2165240, at *1 (D. Neb. May 27, 2021) (plausible conditions-of-confinement claim stated where civilly committed patient alleged he was given forced injectable medication as punishment).

IT IS THEREFORE ORDERED:

1. This case shall proceed to service of process on the Fourteenth Amendment, conditions-of-confinement claims against Brittany Marker, RN, and Larry Sohler, RN, in their individual capacities. All other claims and parties are dismissed without prejudice.

2. For service of process on Defendants the Clerk of Court is directed to complete a summons form and a USM-285 form for each Defendant using the address "Norfolk Regional Center, 1700 N. Victory Rd., Norfolk, NE 68701."

3. The Clerk of Court is further directed to issue a summons form and USM-285 form for each Defendant using the address "Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509." *See* Neb. Rev. Stat. § 25-511 ("Any employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02.").

4. The Clerk of Court shall then forward the completed forms to the Marshals Service together with four copies each of Plaintiff's Complaint (Filing 1) and this Memorandum and Order.[1]

5. **The Marshals Service shall serve Defendants Brittany Marker, RN, and Larry Sohler, RN, in their individual capacities, at "Norfolk Regional Center, 1700 N. Victory Rd., Norfolk, NE 68701**," by certified mail or other authorized method of service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

6. **In addition, the Marshals Service shall serve Defendants Brittany Marker, RN, and Larry Sohler, RN, in their individual capacities, at "Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509**," by certified mail or other authorized method of service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. §§ 25-510.02 and 25-511.

7. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

8. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915).

9. Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

Dated this 20th day of September 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge
