IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRIS BINGHAM,<br><br>    Plaintiff,<br><br>vs.<br><br>BRITTANY MARKER and LARRY SOHLER, in their individual capacities,<br><br>    Defendants. | 8:21-CV-288<br><br>MEMORANDUM AND ORDER |

  The plaintiff, Chris Bingham, filed a pro se complaint for violation of his civil rights. Filing 1. The plaintiff is a patient at the Norfolk Regional Center in Norfolk, Nebraska, and has alleged that he was involuntarily administered a psychotropic drug and confined in the security safety center. Filing 6 at 1. The plaintiff's complaint was prepared by an individual other than the plaintiff.

  The defendants have moved to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the plaintiff is an incapacitated person without the legal capacity to bring his lawsuit. Filing 15. Further, if dismissal pursuant to Rule 12(b)(6) is not warranted, the defendants argue that the complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), or for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

  In the alternative, the defendants move for joinder of the plaintiff's duly appointed co-guardians to act in a representative capacity for the plaintiff. In support of their motion, the plaintiff filed a certified copy of an order of the County Court of Scotts Bluff, County, Nebraska, Case. No. PR 10-122, showing

that the plaintiff has been adjudged an incapacitated person, and that Rebecca Ream and Justin Ream were appointed to serve as his co-guardians. This order is dated February 1, 2011. Filing 17-1.

The plaintiff, again with the assistance of someone else, asserts that the plaintiff's co-guardians are the plaintiff's parents, but who now are divorced, and the plaintiff's mother, Rebecca Ream, acts as his sole guardian. Filing 18. According to the plaintiff, Ms. Ream continues to live in Gering, Scotts Bluff, County, Nebraska. The plaintiff asks this Court to appoint Ms. Ream alone as his "sole co-guardian."

Nearly eleven years have past since the appointment of the plaintiff's co-guardians. Things in life have a tendency to change with that much passage of time. Here, no documentation has been provided showing that the co-guardians ever accepted their appointment, or that Letters of Conservatorship were ever issued, or that that the co-guardians have complied with the required filing of an annual report on the ward's condition with the county court. Given this absence of documentation, and the plaintiff's representation about the status of the co-guardianship, the Court is concerned whether the duly appointed co-guardians are acting in that capacity, or if the co-guardianship has been abandoned and the plaintiff's mother is now acting more as the plaintiff's best friend and not within the confines of the ordered co-guardianship.

The Court takes judicial notice that Norfolk and Gering are on opposite ends of the state. Given the lack of evidence showing that a co-guardianship was ever established for the plaintiff, the eleven-year passage of time, and the distance between where the plaintiff and his mother reside, the Court is inclined to appoint a guardian ad litem pursuant to Fed. R. Civ. P. 17(c)(2), to act in a representative capacity for the plaintiff.

IT IS ORDERED:

1. The defendants' motion to dismiss (filing 15) is denied without prejudice as set forth above.

2. Pursuant to Rule 17(c) and Section II(A)(1)(c) of the Amended Federal Practice Fund Plan and the Federal Practice Committee Plan (as adopted Dec. 29, 2021), the Court appoints Michael T. Brogan of Brogan & Stafford P.C., 1400 N. 9th St., P.O. Box 667, Norfolk, Nebraska, 68702-0667, as guardian ad litem for the plaintiff to investigate this matter and submit a report to the Court by March 1, 2022, or as soon thereafter as practicable.

3. Expenses and attorney's fees shall be paid from the Federal Practice Fund under the Amended Federal Practice Fund Plan and the Federal Practice Committee Plan (as adopted Dec. 29, 2021). Counsel is particularly directed to Section VI, which explains how to seek reimbursement.

4. The defendants' deadline to file a responsive pleading or otherwise respond to the plaintiff's complaint is extended to March 21, 2022.

Dated this 10th day of January, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge

3