IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **REBECCA REAM, and JUSTIN REAM, as co-guardians for Chris Bingham;** | |
| **Plaintiffs,** | **8:21CV288** |
| vs. | **ORDER** |
| **BRITTANY MARKER, RN, in her individual capacity; and LARRY SOHLER, RN, in his individual capacity;** | |
| **Defendants.** | |

This matter comes before the Court on Defendants' Motion for an Order Compelling Discovery Answers and Responses (Filing No. 29). Defendants seeks an order compelling Plaintiffs to answer interrogatories and to respond to requests for production of documents pursuant Fed. R. Civ. P. 37(B)(iii) and (iv). Plaintiffs, pro se, did not respond to the motion.

Chris Bingham, a patient at the Norfolk Regional Center, filed this action on July 28, 2021, complaining he was involuntarily administered a psychotropic drug and confined in the security safety center on July 2, 2021. (Filing No. 1; Filing No. 6). On January 10, 2022, the Court appointed a guardian ad litem to act in a representative capacity for Chris pursuant to Fed. R. Civ. P. 17(c)(2). (Filing No. 19). After the appointed guardian ad litem filed a report stating Chris is an incapacitated person whose parents, Rebecca and Justin Ream, are his duly appointed co-guardians (Filing No. 20), the Court substituted Rebecca and Justin as Plaintiffs in this action on March 14, 2022 (Filing No. 22). On July 27, 2022, Defendants served Plaintiffs with Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents by first class mail. As of September 13, 2022, neither Plaintiff had responded to Defendants' written discovery requests. (Filing No. 30-1).

Defendants filed the instant motion to compel on September 13, 2022. Neither Plaintiff responded to the motion. Answers to interrogatories and responses to requests for production of documents are due 30 days after service, unless the parties agree or the Court orders otherwise. See Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Rule 37 of the Federal Rules of Civil Procedure permits a party to move the Court for an order compelling answers or production when a party fails to respond to written discovery requests. See Fed. R. Civ. P. 37(a)(3)(B).

Although Plaintiffs are proceeding pro se in their capacities as co-guardians for their son, they nevertheless have a duty to respond to written discovery requests so that Defendants can assess the merits of Plaintiffs' claims and prepare their defenses. See *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery."). The Court has reviewed Defendants' discovery requests and generally finds they are limited and appropriately tailored to discovering information and documents relevant to the allegations in the Complaint and Defendants' defenses. However, three of Defendants' interrogatories are premature, and as such the Court will not order Plaintiffs to answer them. Specifically, Interrogatory No. 2, which asks Plaintiffs to "identify all persons who you intend to call as witnesses at the trial of this matter;" Interrogatory No. 3, which asks Plaintiffs to "identify any and all persons whom you may call as an expert witness(es) at the trial of this matter" together with "a brief summary of their expected trial testimony;" and Interrogatory No. 5, which asks Plaintiffs to "identify all documents which you intend to offer as exhibits at the trial of this matter." Plaintiffs do have a duty to disclose names of individuals likely to have discoverable information, documents in their possession that may be used to support their claims, and a computation of damages, see Fed. R. Civ. P. 26(a)(1), but this district's local rules and the Court's orders set separate deadlines to specifically identify trial witnesses and exhibits, and to complete expert disclosures. See, e.g., Filing No. 36 (setting expert disclosure deadlines); NECivR. 16.2 (outlining matters to be completed before a final pretrial conference). Aside from these three interrogatories, Plaintiffs must respond to Defendants' discovery requests. Because Plaintiffs have not responded to the written discovery served upon them, the Court will grant Defendants' motion to compel and order Plaintiffs to serve their answers to Defendants' First Set of Interrogatories, excluding Interrogatory Nos. 2, 3, and 5, and serve responses to and First Set of Requests for Production of Documents by **November 16, 2022**. Plaintiffs are warned that failure to comply with the Court's order compelling discovery may result in the Court's award of appropriate sanctions upon Defendants' motion, including dismissal of this action, pursuant to Fed. R. Civ. P. 37(d)(1)(A)(ii) and (b)(2)(A). Accordingly,

**IT IS ORDERED**: Defendants' Motion for an Order Compelling Discovery Answers and Responses (Filing No. 29) is granted, in part. Plaintiffs shall serve answers to Defendants'

3

First Set of Interrogatories, excluding Interrogatory Nos. 2, 3, and 5, and their responses to Defendants' First Set of Requests for Production of Documents by **November 16, 2022**. Failure to do so may result in the Court's entry of an appropriate sanctions, including dismissal of this action.

Dated this 12th day of October, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge
.