## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **REBECCA REAM, and JUSTIN REAM, as co-guardians for Chris Bingham;** | **8:21CV288** |
| **Plaintiffs,** | |
| **vs.** | **FINDINGS AND RECOMMENDATION** |
| **BRITTANY MARKER, RN, in her individual capacity; and LARRY SOHLER, RN, in his individual capacity;** | |
| **Defendants.** | |

This matter comes before the Court on Defendants' Motion for Discovery Sanctions (Filing No. 33). Defendants request dismissal of Plaintiffs' claims, with prejudice, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and (d)(1)(A)(ii) for Plaintiffs' failure to comply with this Court's Order compelling them to respond to Defendants' discovery requests. For the following reasons, the Court will recommend that Defendants' motion be granted, in part, and that Plaintiffs' Complaint be dismissed without prejudice.

Chris Bingham, a patient at the Norfolk Regional Center, filed this action on July 28, 2021, complaining he was involuntarily administered a psychotropic drug and confined in the security safety center on July 2, 2021. (Filing No. 1; Filing No. 6). On January 10, 2022, the Court appointed a guardian ad litem to act in a representative capacity for Chris pursuant to Fed. R. Civ. P. 17(c)(2). (Filing No. 19). After the appointed guardian ad litem filed a report stating Chris is an incapacitated person whose parents, Rebecca and Justin Ream, are his duly appointed co-guardians (Filing No. 20), the Court substituted Rebecca and Justin as Plaintiffs in this action on March 14, 2022 (Filing No. 22). On July 27, 2022, Defendants served Plaintiffs with Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents by first class mail. By September 13, 2022, neither Plaintiff had responded to Defendants' written discovery requests, requiring Defendants to file a motion to compel. Plaintiffs also did not respond to Defendants' motion to compel.

On October 10, 2022, the Court entered an Order compelling Plaintiffs to respond to Defendants' written discovery request. (Filing No. 32). In its Order, the Court noted that Plaintiffs, proceeding pro se in their capacities as co-guardians for their son, may face challenges

responding to discovery, but nevertheless required them to respond so that Defendants could assess the merits of his claims and prepare their defenses. See *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery."). The Court therefore ordered Plaintiffs to serve answers and responses to Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents by November 16, 2022, and specifically warned Plaintiffs that failure to comply with the order compelling discovery may result in the Court's award of appropriate sanctions, including dismissal of this action pursuant to Fed. R. Civ. P. 37(d)(1)(A)(ii) and (b)(2)(A). Defendants filed the instant motion for discovery sanctions on November 30, 2022; as of that date, Defendants still had received no discovery responses from Plaintiffs. (Filing No. 35-1). Plaintiffs also filed no response to the instant motion for sanctions.

Rule 37 of the Federal Rules of Civil Procedure permits the court to sanction a party that fails to obey an order to provide discovery or fails to serve answers or written responses to interrogatories. Fed. R. Civ. P. 37(b)(2)(A) and (d)(1)(A)(ii). Dismissal of the action is one such sanction. Fed. R. Civ. P. 37(b)(2)(A)(v). "To justify a sanction of dismissal, Rule 37 requires: '(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'" *Sentis Grp., Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)). "[A] district court has wide discretion to impose sanctions for a party's failure to comply with discovery requests," *United States v. Big D Enterprises, Inc.*, 184 F.3d 924, 936 (8th Cir. 1999), although "[t]he court's 'discretion is bounded by the requirement of Rule 37(b)(2) that the sanction be "just" and relate to the claim at issue in the order to provide discovery.'" *Hairston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717, 719 (8th Cir. 2002) (quoting *Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 558 (1992)). Before imposing the sanction of dismissal, "fairness requires a court to consider whether a lesser sanction is available or appropriate." *Keefer v. Provident Life & Acc. Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000). A district court need not impose the least onerous sanction available, but the most appropriate under the circumstances. See *id.* District courts have "a large measure of discretion in deciding what sanctions are appropriate for misconduct." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000).

2

Here, the Court finds dismissal of Plaintiffs' claims, without prejudice, is warranted. On October 10, 2022, the Court entered an order compelling Plaintiffs to respond to Defendants' propounded written discovery. Although Defendants first served their discovery requests upon Plaintiff on July 27, 2022, the Court nevertheless provided Plaintiffs with a fairly generous extension of time to November 16, 2022, to comply with the Court's order compelling them to respond to those discovery requests. Defendants' requests were not onerous or overbroad, and generally sought to uncover the basic facts and witnesses supporting Plaintiffs' asserted claims. Now, nearly five months after Defendants first served their written discovery requests, Plaintiffs still have not responded to discovery, failed to comply with the Court's Order compelling their responses, and failed to file any response to Defendants' motion to compel or this instant motion for sanctions. Under the circumstances, the Court finds Plaintiffs' failure to comply with its order compelling discovery was willful. The Court further finds Defendants will be prejudiced if they are forced to continue to defend against Plaintiffs' claims without any participation from Plaintiffs in discovery. This is not a situation where Plaintiffs have provided inadequate responses or objected to some requests but answered others; Plaintiff simply has provided *no* responses to discovery whatsoever. See *Avionic*, 957 F.2d at 559 (finding party was prejudiced where adversary's failure to participate in discovery impaired the party's ability to assess factual merits of a claim). Accordingly, the Court finds dismissal is the most appropriate sanction for Plaintiff's failure to respond to written discovery. See *Sentis*, 559 F.3d at 899.

However, the Court finds that dismissal with prejudice, as requested by Defendants, is too harsh of a sanction. See *Bergstrom v. Frascone*, 744 F.3d 571, 575 (8th Cir. 2014) ("Dismissals with prejudice are drastic and extremely harsh sanction[s]," and as such, dismissal with prejudice is proper "only when there has been a clear record of delay or contumacious conduct by the plaintiff [.]"). Plaintiffs are proceeding pro se in their capacities as co-guardians for their son, who is a patient at the Norfolk Regional Center. There is no evidence Plaintiffs' failure to respond to this Court or Defendants was contumacious, or that Plaintiffs have abused the court process or flagrantly violated court orders. Plaintiffs simply appear to have no interest in litigating their son's case. As such, the Court will recommend that Plaintiffs' claims be dismissed, without prejudice. Upon consideration,

3

**IT IS HEREBY RECOMMENDED** to John M. Gerrard, United States District Court Judge, that Defendants' Motion for Discovery Sanctions (Filing No. 33) be granted, in part, and that the above-captioned case be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and (d)(1)(A)(ii).

Dated this 23rd day of December, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

## ADMONITION

A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.